IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT HOWARD RICHARDSON,

            Petitioner,                       No. CIV S-97-2318 LKK DAD P

   vs.

A. C. NEWLAND, et al.,

           Respondents.           FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding through counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Before the court are respondents' motion to dismiss the pending federal habeas petition as untimely and petitioner's motion for equitable tolling of the applicable one-year statute of limitations.

I.  Background

        Before addressing the merits of the parties' motions, the court will briefly summarize the lengthy procedural history of this federal habeas corpus action.

        On August 31, 1992, following his conviction on charges of first degree murder with personal use of a firearm, petitioner was sentenced in Plumas County Superior Court to a term of 25 years to life in state prison, plus a consecutive five year term of imprisonment on a firearm enhancement.  (June 11, 1999 Amended Petition (hereinafter "Am. Pet.") at 1.)

1

On October 21, 1993, petitioner's conviction was affirmed on appeal by the California Court of Appeal for the Third Appellate District.  (Id.; Resp't Aug. 13, 1999 Mot. to Dismiss (hereinafter MTD) at 2.)  On December 1, 1993, petitioner filed a petition for review in the California Supreme Court, claiming that the trial court had erred when it: (1) failed to sever petitioner's trial from that of his co-defendant; (2) admitted his co-defendant's extrajudicial statements into evidence at petitioner's trial; (3) admitted petitioner's confession into evidence at his trial; (4) denied petitioner's motion for a change of venue; and (5) failed to conduct individualized voir dire during jury selection.  (MTD, Ex. A.)  That petition for review was denied on January 19, 1994.  (Am. Pet. at 2; MTD at 2.)

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) was enacted.  Thereafter, on December 13, 1996, petitioner filed a petition for writ of habeas corpus in the Plumas County Superior Court, claiming that his trial counsel had rendered ineffective assistance.  (Am. Pet. at 2; Answer, Vol. III, Ex. 12.)  That petition was denied on May 5, 1997 for failure to present a "prima facie case" and because the court found that "[petitioner's] claims are procedurally barred, as the facts upon which there [sic] were based were known to him at the time of his appeal, and some of his claims were presented and rejected on appeal."  (Am. Pet. at 2; Answer, Vol. III, Ex. 13 at 3.)

On May 23, 1997, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District.  (Id.)  That petition was denied on June 5, 1997.[1]  (Id.)  On June 26, 1997, petitioner filed a petition for writ of habeas corpus in the
/////

---

[1]  The parties have not provided this court with a copy of the habeas petition filed by petitioner in the California Court of Appeal or that Court's decision denying the petition. Petitioner asserts that the petition was denied on the merits and respondents have provided the docket report, which indicates that the petition was summarily denied.  (Pet'r's Oct. 28, 1999 Reply Eq. Toll. at 6:22-23; Answer, Vol. III, Ex. 14.)  In any event, the copies of the petition and court order denying it, are not necessary for the resolution of the pending motions before this court.

1    California Supreme Court, raising ineffective assistance of counsel claims.  (Answer, Vol. III,

2    Ex. 15.)  That petition was summarily denied on November 25, 1997.  (Id.)

3           On December 12, 1997, petitioner filed his original federal petition for writ of

4    habeas corpus in this court.  After petitioner's motion for leave to amend was granted, an

5    amended habeas petition was filed on June 11, 1999.  On August 6, 1999, respondents filed a

6    motion to dismiss the amended federal petition contending, among other things, that petitioner's

7    claims were barred by the one-year AEDPA statute of limitations contained in 28 U.S.C. §

8    2244(d)(1).  On October 4, 1999, petitioner filed a related motion for equitable tolling of the

9    statute of limitations.[2]  On March 3, 2000, this court recommended that petitioner's motion for

10    equitable tolling be granted and that respondent's motion to dismiss be denied.  (Doc. No. 47.)

11    By order dated July 31, 2000, United States District Judge William B. Shubb adopted those

12    findings and recommendations, but also found that petitioner was entitled to statutory tolling of

13    the AEDPA statute of limitations, and issued an order granting petitioner's motion for tolling and

14    denying respondents' motion to dismiss.  (Doc. No. 50.)  On August 18, 2000, respondents filed

15    a motion for reconsideration of the July 31, 2000 order.  (Doc. No. 51.)  On September 13, 2000,

16    the motion for reconsideration was denied.  (Doc. No. 57)  In his order denying reconsideration,

17    Judge Shubb clarified that he had found that petitioner was entitled to statutory tolling of the

18    AEDPA statute of limitations and that "[b]ecause the court finds that statutory tolling applies, it

19    does not reach the issue of equitable tolling."  (Id. at 2 n.1.)

20           On September 13, 2004, this court filed findings and recommendations

21    recommending that petitioner's application for a writ of habeas corpus be granted in part and

22    denied in part.  (Doc. No. 73.)  On October 26, 2004, Judge Shubb adopted those findings and

23    recommendations and judgment was entered accordingly.  (Doc. No. 76.)  On November 5,

24    /////

25

26       [2]  It is these two motions which are the subject of these findings and recommendations.

1    2004, the district court entered an amended order adopting the September 13, 2004 findings and

2    recommendations.  (Doc. No. 80.)

3            On November 5, 2004, respondents filed an appeal of both the October 26, 2004

4    judgment and the September 13, 2000 order denying the motion to dismiss the petition as

5    untimely.  On April 10, 2006, the United States Court of Appeals for the Ninth Circuit issued an

6    order reversing the district court's order denying respondents' motion to dismiss.   (Doc. No. 90.)

7    Citing the then-recent decisions in Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) and Bonner v.

8    Carey, 425 F.3d 1145, 1149 (9th Cir. 2005), the Ninth Circuit concluded that petitioner was not

9    entitled to statutory tolling of the AEDPA statute of limitations during the time his state habeas

10   petitions were pending because the state courts had denied the petitions both on the merits and as

11   untimely and therefore they were not "properly filed" for purposes of statutory tolling.  (Ninth

12   Circuit Memorandum dated April 10, 2006 (Doc. No. 90), at 2.)  The Ninth Circuit therefore

13   remanded petitioner's claim of entitlement to equitable tolling of the AEDPA statute of

14   limitations to this court "for further proceedings."  (Id.)[3]

15           A status conference was held on June 2, 2006.  The parties were directed to file

16   briefing addressing whether petitioner was entitled to equitable tolling of the AEDPA statute of

17   limitations.  On July 17, 2006, petitioner filed his responsive brief regarding equitable tolling.

18   (Doc. No. 104.)  On August 14, 2006, respondent filed his responsive brief  (Doc. No. 105) , and

19   on September 5, 2006 and October 6, 2006, petitioner filed reply briefs.  (Doc. Nos. 106 & 109.)

20           On October 10, 2006, a hearing was held on petitioner's claim of entitlement to

21   equitable tolling of the statute of limitations.  After the hearing, the parties were allowed to file

22   additional letter briefs with citations to cases they deemed relevant to the equitable tolling issue

23   before the court.  On October 18, 2006, respondent filed his responsive letter brief, and on

24   October 19, 2006, petitioner filed his responsive brief.  (Doc. Nos. 112 & 113.)

25   _____

26   [3]  On April, 19, 2006, this action was reassigned to Senior District Judge Lawrence K.
     Karlton with the referral of the matter to the undersigned remaining in place.

On February 8, 2008, the Ninth Circuit Court of Appeals issued its decision in Harris v. Carter, 515 F.3d 1051 (9th Cir. 2008) in which the court held that a federal habeas petitioner was entitled to equitable tolling of the AEDPA statute of limitations where he had waited to file his petition in reliance on Ninth Circuit precedent which was subsequently overruled by the U.S. Supreme Court.  On February 12, 2008, petitioner filed a supplemental brief addressing the Harris decision and its potential impact upon resolution of the issue pending before the court in this case.  (Doc. No. 119.)   On March 25, 2008, respondent filed a response to petitioner's supplemental brief (Doc. No. 123), and on April 1, 2008, petitioner filed a reply. (Doc. No. 124.)

II.  Applicable Legal Standards

Because this action was filed after April 26, 1996, the provisions of the AEDPA are applicable.  See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003).  The AEDPA imposed a one-year statute of limitations on the filing of federal habeas petitions.  Title 28 U.S.C. § 2244 provides as follows:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been

5

1    discovered through the exercise of due diligence.

2    (2)  The time during which a properly filed application for State
     post-conviction or other collateral review with respect to the
3    pertinent judgment or claim is pending shall not be counted toward
     any period of limitation under this subsection.
4

5         As indicated above, in light of the Ninth Circuit's Memorandum of April 10,

6    2006, petitioner has moved for equitable tolling of the applicable one-year statute of limitations.

7    The United States Supreme Court has confirmed that the AEDPA statute of limitations contained

8    in § 2244(d) 'is subject to equitable tolling in appropriate cases." Holland v. Florida, ___ U.S.

9    ___, ___, 130 S. Ct. 2549, 2560 (2010).  See also Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir.

10   2011); Lakey v. Hickman, 633 F.3d 782, 784 (9th Cir. 2011); Porter v. Ollison, 620 F.3d 952,

11   959 (9th Cir. 2010).[4]   Indeed, because § 2244(d) is not jurisdictional, it is "subject to a

12   'rebuttable presumption' in favor of 'equitable tolling'" Holland, 130 S. Ct. at 2560 (quoting

13   Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95-96 (1990)).  See also Lee v. Lampert, 653

14   F.3d 929, 933 (9th Cir. 2011) (en banc).

15        Nonetheless, "a 'petitioner' is 'entitled to equitable tolling' only where he shows

16   '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

17   stood in his way' and prevented timely filing." Holland, 130 S. Ct. at 2562 (quoting Pace v.

18   DiGuglielmo, 544 U.S. 408, 418 (2005)).[5]  See also Doe, 661 F.3d at 1011; Lakey, 633 F.3d at

19   784; Porter, 620 F.3d at 959; Harris, 515 F.3d at 1054; Stillman v. LaMarque, 319 F.3d 1199,

20   1202 (9th Cir. 2003).  Thus, equitable tolling of the AEDPA statute of limitations is appropriate

21

22        [4]  The Ninth Circuit had previously so held.  See Ramirez v. Yates, 571 F.3d 993, 997
     (9th Cir. 2009); Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 n.2 (9th Cir. 2009);
23   Calderon v. U.S. District Court for the Central District of California (Kelly), 163 F.3d 530, 541
     (9th Cir. 1998) (en banc).
24
          [5]  "The diligence required for equitable tolling purposes is 'reasonable diligence' . . . not
25   'maximum feasible diligence.'" Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2565 (2010).
     See also Doe v. Busby, 661 F.3d 1001, 1012 (9th Cir. 2011); United States v. Buckles, 647 F.3d
26   883, 893 (9th Cir. 2011).

1  only when external forces beyond his direct control, rather than a petitioner's lack of diligence or

2  his counsel's mistake[6], account for the failure to file a timely petition.  See Velasquez v.

3  Kirkland, 639 F.3d 964, 969 (9th Cir. 2011); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir.

4  2009) (The petitioner must show that "the extraordinary circumstances made it impossible to file

5  the petition on time."); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  To meet this

6  standard it must be demonstrated that some extraordinary circumstance stood in his way of filing

7  a timely federal habeas petition and that any such extraordinary circumstance was the cause of

8  his late-filed petition.  See Lakey, 633 F.3d at 786; Bryant v. Ariz. Atty. Gen., 499 F.3d 1056,

9  1061 (9th Cir. 2007); Allen v. Lewis, 255 F.3d 798, 800-01 (9th Cir. 2001).  The petitioner bears

10  the burden of demonstrating the existence of grounds for equitable tolling.  Pace, 544 U.S. at

11  418; Doe, 661 F.3d at 1011; Roberts v. Marshall, 627 F.3d 768, 772 (9th Cir. 2010); Espinoza-

12  Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005).

13          Courts are expected to "take seriously Congress's desire to accelerate the federal

14  habeas process."  Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1289 (9th

15  Cir.1997), overruled in part on other grounds by Calderon v. United States Dist. Court, (Kelly),

16  163 F.3d 530 (9th Cir.1998) (en banc).  See also Lakey, 633 F.3d at 786 ("The high threshold of

17  extraordinary circumstances is necessary 'lest the exceptions swallow the rule.'"); Porter, 620

18  F.3d at 959; Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) ("[T]he threshold necessary to

19  trigger equitable tolling [under the AEDPA] is very high, lest the exception swallow the rule.");

20  Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (describing the Ninth Circuit's standard as

21  setting a "high hurdle" to the application of equitable tolling).  To this end, "the circumstances of

22  a case must be 'extraordinary' before equitable tolling can be applied[.]"  Holland, 130 S. Ct. at

23  2564.  Whether a party is entitled to equitable tolling "turns on the facts and circumstances of a

24

25          [6]  "Equitable tolling may be warranted in instances of unprofessional attorney behavior;
   however, the AEDPA deadline will not be tolled for a garden variety claim of excusable attorney

26  neglect or mistake."  Doe v. Busby, 661 F.3d at 1011-12.

7

1   particular case." Spitsyn, 345 F.3d at 801 (quoting Fisher v. Johnson, 174 F.3d 710, 713 (5th

2   Cir. 1999)).  See also Doe, 661 F.3d at 1012.

3   III.  The Arguments of the Parties

4          A.  Petitioner

5          As described above, petitioner's direct appeal of his underlying judgment of

6   conviction was completed on January 19, 1994, when the California Supreme Court denied his

7   petition for review.  On December 13, 1996, approximately eight months after the AEDPA was

8   enacted but nearly three years after his judgment of conviction had become final, petitioner first

9   filed an exhaustion petition in the Plumas County Superior Court alleging that he had received

10  ineffective assistance of counsel in connection with the proceeding that resulted in his

11  conviction.  Despite his delay in seeking habeas relief in state court, petitioner now argues that he

12  acted "diligently and in good faith" and "in accord with the law as it was in 1996-1997" to

13  properly exhaust all of his claims in state court during that time period.  (Petitioner's July 17,

14  2006 Brief Regarding Equitable Tolling (Doc. No. 104) at 7.)

15         Under California law, a state habeas petition "must be filed within a reasonable

16  time after the petitioner or counsel knew, or with due diligence should have known, the facts

17  underlying the claim as well as the legal basis of the claim."  In re Harris, 5 Cal.4th 813, 828 n.7

18  (1993).  See also Walker v. Martin, ___U.S.___, 131 S. Ct. 1120, 1124 (2011) ("California does

19  not employ fixed statutory deadlines to determine the timeliness of a state prisoner's petition for

20  habeas corpus."); Evans v. Chavis, 546 U.S. 189, 202 (2006) (Justice Stevens, concurring) ("And

21  the State Supreme Court apparently may exercise its jurisdiction to decide the merits of a petition

22  for habeas corpus at any time whatsoever.")  Justices of the United States Supreme Court have

23  observed that this equitable concept under California law is intended to be flexible, making it

24  uncertain and highly unpredictable whether California courts would find any particular habeas

25  petition timely filed under the rule.  See Carey v. Saffold, 536 U.S. 214, 235 (2002) (Justice

26  Kennedy, dissenting).  Based upon this recognized flexibility, petitioner argues that because there

8

was no "clear precedent" establishing when a habeas petition is timely filed under California law,
his delay of nearly three years in filing his exhaustion petition in the Plumas County Superior
Court was not unreasonable.  (Doc. No. 104 at 7.)  In this vein, petitioner contends that the
uncertainty of California law regarding when a habeas petition is timely filed constitutes an
extraordinary circumstance warranting equitable tolling of the AEDPA statute of limitations for
the filing of a federal habeas application in his case.  (Id.)

   Petitioner also explains that after the AEDPA was enacted he consulted a "jail-
house lawyer" to "assist him with the research and preparation of a pro se state habeas corpus
petition to preserve his right to seek federal review of his conviction."  (Petitioner's September 5,
2006 "Reply Brief Regarding Equitable Tolling" (Doc. No. 106) at 9.)  Petitioner notes that at the
time of the AEDPA's passage in 1996, there was no federal "stay and abeyance" procedure
available to him.[7]  Therefore, petitioner asserts, he could not file a protective federal habeas
petition until all of his habeas claims had been exhausted in state court.  Petitioner also observes
that once he filed his first state exhaustion petition in the Plumas County Superior Court on
December 13, 1996, each of his subsequent habeas filings were made within three weeks after
the denial of the previously filed habeas petition, thereby reflecting his diligent pursuit of habeas
relief.  He also asserts that it was not until long after he filed his initial state habeas petition that
the federal courts began to define such terms as "properly filed" and "undue delay" with respect
to statute of limitations issues arising under the AEDPA.  In this vein, petitioner's counsel argues
that "it was this uncertainty in the law that constituted an extraordinary circumstance entitling
Mr. Richardson's petition to equitable tolling."  (Doc. No. 104 at 10.)

   Finally, petitioner argues that the California courts "affirmatively misled" him
into believing he had complied with all necessary filing requirements by stamping his initial
habeas petition "filed," ordering that an answer to the petition be filed, communicating several

---

  [7]  See Rhines v. Weber, 544 U.S. 269, 277 (2005) and Kelly v. Small, 315 F.3d 1063,
1070-71 (9th Cir. 2003).

1    times with petitioner prior to the issuance of rulings, and not notifying him in a timely manner of

2    any improprieties in his filings with the court.  Thus, petitioner argues that "California's unclear

3    and inconsistently-applied timeliness 'rules' are a state impediment which interfered with

4    petitioner's ability to timely file a federal habeas corpus petition and that this uncertainty in the

5    law at the time that petitioner was pursuing his state habeas corpus remedies constituted an

6    'extraordinary circumstance' warranting equitable tolling."  (Petitioner's letter brief filed October

7    19, 2006 (Doc. No. 115), at 1.)   Throughout his argument, petitioner's counsel refers to the

8    undersigned's findings and recommendations filed on March 3, 2000 (Doc. No. 47), in which the

9    undersigned concluded that petitioner was entitled to equitable tolling because he had no reason

10   to believe that his first state habeas petition would be deemed untimely under California law and

11   diligently and properly sought to exhaust his habeas claims in state court before filing his federal

12   petition.  (See Doc. No. 47 at 5-8.)[8]

13          B.  Respondent

14          Respondent argues that the same delay that the Ninth Circuit found to prevent

15   petitioner from being eligible for statutory tolling of the AEDPA statute of limitations also

16   precludes equitable tolling under the circumstances presented here.  (Respondent's August 14,

17   2006 Brief Regarding Equitable Tolling (Doc. No. 105), at 4-6.)  Respondent also contends that

18   petitioner's lengthy delay in filing his first petition establishes that he was not diligent in seeking

19   habeas relief from the state courts either before or after passage of the AEDPA.  (Id. at 4-9.)

20          C.  Petitioner's Reply

21          In reply, petitioner contends that the mere fact that statutory tolling of the AEDPA

22   limitations has been found to be unavailable to him because of his delay does not mean that he

23   has not been diligently pursuing habeas relief in state court for purposes of the equitable tolling

24

25          [8]  As indicated above, in adopting those findings and recommendations in part, District
      Judge William B. Shubb clarified that he was finding only that petitioner was entitled to statutory
      tolling of the AEDPA statute of limitations and was not reaching the issue of whether equitable
26   tolling might also apply.  (Order filed September 13, 2000 (Doc. No. 57) at 2 n.1.)

1  of the AEDPA statute of limitations.  Petitioner emphasizes that the Ninth Circuit did not find

2  that he had not been diligent in pursuing his habeas claims in state court.  Rather, he observes,

3  the Ninth Circuit remanded the matter to this court to make that determination.  Petitioner also

4  argues that his actions should not be judged with 20-20 hindsight, noting that he did not have the

5  benefit of court decisions rendered after he began attempting to exhaust his habeas claims in state

6  court.

7  IV.  Analysis

8          The essential facts for disposition of both respondents' motion to dismiss and

9  petitioner's motion for equitable tolling may be briefly summarized as follows.  Petitioner's

10  direct appeal from his judgment of conviction ended on January 19, 1994, when the California

11  Supreme Court denied his petition for review.  Petitioner had not pursued any collateral

12  challenge at the time the AEDPA was enacted on April 24, 1996, some two years and three

13  months after his judgment of conviction had been entered.  Upon learning of the existence of the

14  AEDPA, petitioner asked another inmate, a so-called jailhouse lawyer, to help him file a petition

15  for writ of habeas corpus in state court.[9]  Eight months later, and approximately two years and

16  eleven months after his judgment of conviction had become final, petitioner first sought habeas

17  relief by filing a petition with the Plumas County Superior Court.

18          The AEDPA one-year statute of limitations for the seeking of federal habeas relief

19  by petitioner began to run on April 24, 1996.  See Calderon (Beeler), 128 F.3d at 1287 (holding

20  that the AEDPA statute of limitations could not begin to run against a state prisoner who had

21

22          [9]  Specifically, petitioner provides the following explanation of when he began to explore
   the possibility of exhausting his habeas claims in state court in preparation of seeking federal
23  habeas relief:  "Though it is unclear when the prison law library received any materials regarding
   the passage and new requirements of the AEDPA, in the eight months following AEDPA's
24  enactment, petitioner, who is unschooled in the law, sought assistance from a 'jail house lawyer'
   to assist him with the research and preparation of a pro se state habeas corpus petition."
25  (September 5 brief (Doc. No. 106) at 9.)  It thus appears that petitioner did not begin the process
   of collaterally challenging his judgment of conviction immediately upon the enactment  of the
26  AEDPA on April 24, 1996, but did so sometime thereafter.

1   already completed the direct review process until the enactment of the AEDPA on April 24,

2   1996).  As the Ninth Circuit has previously held in this case, because petitioner's first state

3   habeas application was dismissed pursuant to California's untimeliness rule, it was not "properly

4   filed" and could not serve to statutorily toll the AEDPA statute of limitations.  Richardson v.

5   Newland, Case No. 04-17255, 171 Fed. Appx. 156, at *1(9th Cir. Mar. 15, 2006) (citing Pace,

6   544 U.S. at 417).  See also White v. Martel, 601 F.3d 882, 883 (9th Cir.), cert. denied

7   ___U.S.___, 131 S. Ct. 332 (2010); Bonner v. Carey, 425 F.3d 1145, 1148-49 (9th Cir. 2005).

8   The statute of limitations for petitioner's filing of a federal habeas petition therefore continued to

9   run uninterrupted until it expired on April 23, 1997.[10]

10          Under this calculation the federal habeas petition, filed with this court on

11  December 12, 1997, was submitted almost eight months after the statute of limitations for doing

12  so had expired.  Therefore, unless petitioner is entitled to equitable tolling of the AEDPA statute

13  of limitations, his federal petition is time-barred.

14          The availability of equitable tolling of the AEDPA statute of limitations in this

15  case must begin with a consideration of the U.S. Supreme Court's decision in Pace.  There, the

16  petitioner had waited four years after his post-conviction claims were rejected by the

17  Pennsylvania Supreme Court, and seven months after the AEDPA was enacted, to file another

18  _____

19          [10]  As noted above, petitioner did file an application for habeas relief with the California
    Court of Appeal on May 23, 1997, as well as a habeas petition with the California Supreme
20  Court on June 26, 1997, both of which were summarily denied.  However, in considering a state
    court's summary denial, this court is to "look through" to the last reasoned decision of the state
21  court.  See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991); Shackleford v. Hubbard, 234 F.3d
    1072, 1079 n.2 (9th Cir. 2000).  Thus, the finding of untimeliness as the grounds for the denial
22  stated by the Plumas County Superior Court is presumed to be the basis for the subsequent
    summary denials of state habeas relief .  Accordingly, under the Ninth Circuit's holding in this
23  case, none of petitioner's state habeas filings served to toll the AEDPA statute of limitations.
    Moreover, the  petitions submitted to the California Court of Appeal and California Supreme
24  Court were filed after the one-year statute of limitations for the filing of a federal habeas petition
    had expired on April 23, 1997, and therefore failed to operate so as to toll the AEDPA statute of
25  limitations for this reason as well.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.) ("[W]e
    hold that section 2244(d) does not permit the reinitiation of the limitations period that has ended
26  before the state petition was filed."), cert. denied 540 U.S. 924 (2003); Jiminez v. Rice, 276 F.3d
    478, 482 (9th Cir. 2001), cert. denied 538 U.S. 949 (2003).

state post-conviction petition. 544 U.S. at 410. Five months after receiving a decision denying

relief from the state's high court, he sought federal habeas relief. Id. at 419. The petitioner

argued that he satisfied the extraordinary circumstance test for equitable tolling of the federal

statute of limitations because at the time he sought relief the Third Circuit Court of Appeal had

held that a petitioner was required to exhaust his claims for relief in state court, even if it was

unlikely the state court would reach the merits of those claims and, in any event, state law made

it appear he might obtain relief despite the untimeliness of his state petition. Id. at 418. As

petitioner does in this case, the petitioner in Pace argued that he had relied to his detriment on

state law in pursuing relief which appeared potentially available, as his time for seeking federal

habeas relief "slipped away." Id. Confronted with this circumstance the United States Supreme

Court concluded that even if it were to accept petitioner's assertions, he was still not entitled to

equitable tolling of the AEDPA statute of limitations because he had failed to demonstrate

diligence in asserting his claims. In this regard, the court explained,

> Petitioner waited years, without any valid justification, to assert these claims in his [post-conviction] petition. Had petitioner advanced his claims within a reasonable time of their availability, he would not now be facing any time problem, state or federal. And not only did petitioner sit on his rights for years *before* he filed his [state] petition, but he also sat on them for five more months *after* his [state] proceedings became final before deciding to seek relief in federal court. (citation omitted.) Under long-established principles, petitioner's lack of diligence precludes equity's operation.

Id. at 419. (emphasis in original.)

In the years since the Supreme Court's decision in Pace, the Ninth Circuit has

found relatively few circumstances warranting equitable tolling of the AEDPA statute of

limitations. See e.g. Doe, 661 F.3d at 1015 (Equitable tolling was warranted where petitioner's

attorney "finally informed him that *no* petition was forthcoming after four years of

representations to the contrary and then delayed six months in returning [petitioner's] files" and

petitioner filed his federal petition ten days later); Bills v. Clark, 628 F.3d 1092, 1098-99 (9th

1   Cir. 2010) (equitable tolling may be warranted where "mental impairment so severe that the

2   petitioner was unable personally either to understand the need to timely file or prepare a habeas

3   petition, and that impairment made it impossible under the totality of the circumstances to meet

4   the filing deadline despite petitioner's diligence"); Harris, 515 F.3d at 1054–57 (petitioner

5   entitled to equitable tolling because he demonstrated that in determining when to file a federal

6   petition he had relied on the Ninth Circuit's holding in Dictado that untimely state petitions were

7   properly filed for purpose of § 2244(d), which holding was subsequently overruled in Pace);

8   Jefferson v. Budge, 419 F.3d 1013, 1014-17 (9th Cir. 2005) (petitioner was entitled to equitable

9   tolling because district court dismissed his mixed petition without giving him the choice of

10  returning to state court to exhaust his claims or of amending or resubmitting the habeas petition

11  so as to present only exhausted claims); Spitsyn v. Moore, 345 F.3d 796, 800–02 (9th Cir. 2003)

12  (equitable tolling was available even in a non-capital case where the petitioner's attorney did

13  nothing, was completely unresponsive, and failed to return the petitioner's file to him until after

14  the statute of limitations for seeking federal habeas relief had expired); Smith v. Ratelle, 323

15  F.3d 813, 819 (9th Cir. 2003) (petitioner was entitled to equitable tolling because the district

16  court erroneously dismissed his earlier, timely filed habeas petition without first giving him an

17  opportunity to file an amended petition as an alternative to dismissal for failure to properly

18  exhaust all of his claims in state court); Corjasso v. Ayers, 278 F.3d 874, 877–79 (9th Cir. 2002)

19  (equitable tolling warranted where the district court improperly dismissed a timely petition on

20  technical grounds and then lost the body of the timely filed petition, thereby causing the federal

21  petition to be untimely); Miles, 187 F.3d at 1107 (equitable tolling available where petitioner

22  turned petition over to prison officials before the statute of limitations had expired but a delay in

23  mailing caused the petition to be untimely received); Beeler, 128 F.3d at 1289 (equitable tolling

24  available in situation where petitioner's lead counsel withdraws and replacement counsel needs

25  time to become familiar with case).

26  /////

1    In this case, petitioner asserts that he exercised diligence in pursuing his claims

2  for habeas relief because shortly after he learned about the passage of the AEDPA he sought the

3  assistance of a jail house lawyer, filed his first state exhaustion petition eight months later, and

4  then diligently pursued his claims in both state and federal court.  However, petitioner has not

5  adequately explained why it took him eight months after becoming aware of the AEDPA to file

6  his first state habeas petition, nor has he explained why he could not file that state petition

7  himself without requiring assistance.  Cf. Johnson v. United States, 544 U.S. 295, 311 (2005) (a

8  petitioner's pro se status and lack of legal sophistication, on its own, does not constitute an

9  extraordinary circumstance warranting equitable tolling); Raspberry v. Garcia, 448 F.3d 1150,

10  1154 (9th Cir. 2006) (a pro se petitioner's lack of legal sophistication "is not, by itself, an

11  extraordinary circumstance warranting equitable tolling").

12    Even putting aside petitioner's failure to adequately explain his delay, the

13  Supreme Court in Pace required that a petitioner pursue his rights diligently at all times prior to

14  the filing of a federal habeas action.  Thus, the petitioner in Pace was faulted by the Supreme

15  Court for his delay in pursuing habeas relief both before and after the passage of the AEDPA.

16  544 U.S. at 410-11, 419.  See also Johnson, 544 U.S. at 311 (finding that petitioner did not

17  diligently pursue his claims where he did not commence state post-conviction proceedings until

18  three years after his judgment of conviction was entered and twenty-one months after the

19  AEDPA's effective date); Satterfield v. Johnson, 434 F.3d 185, 196 (3rd Cir. 2006) (lack of

20  diligence found where before the AEDPA statute of limitations went into effect the petitioner

21  waited nearly a year to initiate the process of petitioning for relief and took more than eight

22  months following the dismissal of his state court petition to file his  federal habeas petition);

23  LaCava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005) (The obligation to act diligently "does not

24  pertain solely to the filing of the federal petition, rather it is an obligation that exists during the

25  period appellant is exhausting state court remedies as well."); Neverson v. Farquharson, 366 F.3d

26  32, 43 (1st Cir. 2004) (equitable tolling denied because of a lack of diligence where petitioner did

not bring any collateral challenge (state or federal) to his conviction until three years after his

direct appeal was decided, did not do so until four months after the AEDPA was enacted, offered

no justification for this total delay of nearly three years, and most of his habeas claims did not

rely on alleged newly discovered evidence); Delaney v. Matesanz, 264 F.3d 7, 14 (1st Cir. 2001)

(equitable tolling denied where petitioner waited over two years after his judgment of conviction

became final and ten months after the AEDPA's effective date to file his first federal habeas

petition and did nothing during that period to exhaust state remedies as to the ineffective

assistance of counsel claims he sought to present).  In other words, a petitioner seeking equitable

tolling of the AEDPA statute of limitations must demonstrate that he diligently pursued his rights

for the entire time following the underlying judgment of conviction becoming final.

Here, petitioner has failed to make that showing.  The basis for petitioner's claims

of ineffective assistance of counsel were known to him during or shortly after his trial.  However,

he waited almost two and a half years after his conviction became final to begin any effort to

exhaust those claims in state court in anticipation of the filing of a federal habeas petition.

Petitioner offers no justification for his delay, nor does he explain what he was doing to pursue

his claims in state court between the date his direct appeal process ended and the passage of

AEDPA.  Apparently, petitioner failed to conduct any research, consult any person for help,

obtain habeas forms, or engage in any efforts to marshal the facts or to undertake investigation of

his potential ineffective assistance of counsel claims during that period of time.  In Pace, the

Supreme Court made clear that such inaction prevents the granting of equitable tolling of the

AEDPA statute of limitations.  544 U.S. at 418-19.  See also Roy v. Lampert, 465 F.3d 964, 972

n.5 (9th Cir. 2006) ("[T]he Supreme Court refused to recognize an equitable tolling claim in Pace

not just because of the delay between the state post-conviction and federal habeas stages, but also

because of the earlier, more egregious delay.")  Here, if petitioner had brought his first collateral

attack upon his judgment of conviction in state court during this two years and three months of

unexplained delay, he could easily have exhausted his claims in state court and filed a perfected

16

1   habeas petition in federal court before the statute of limitations for doing so had expired.  Even

2   assuming arguendo that petitioner was found to have exercised diligence after he learned of the

3   passage of AEDPA (despite the eight month delay in filing his first habeas application after

4   learning of the AEDPA), his lack of diligence in pursuing his claims during the preceding two

5   and a half years precludes the application of equitable tolling here.  Id. at 418.  As in Pace, a

6   delay of several years before acting, without any valid justification, reflects a lack of diligence

7   which "precludes equity's operation."  Id. at 419.  See also Roy, 465 F.3d at 972 n. 5. This is true

8   regardless of how the state court would have viewed this period of inaction.  Id. at 418-19.

9          Petitioner explains that he did not file an earlier state exhaustion petition because

10  he was relying on California law, which permitted a habeas petition to be considered timely so

11  long as it was filed within a "reasonable time."  He argues that the uncertainty of California law

12  in this regard was an "extraordinary circumstance" which entitles him to equitable tolling of the

13  AEDPA statute of limitations.  Even if this argument were found persuasive however, petitioner

14  must also establish that this extraordinary circumstance made it "impossible" to file his petition

15  on time, Harris, 515 F.3d at 1054, or that the extraordinary circumstance "stood in his way" of

16  doing so.  Pace, 544 U.S. at 418.  See also Lakey, 633 F.3d at 786; Ramirez v. Yates, 571 F.3d

17  993, 997 (9th Cir. 2009) ("The petitioner must additionally show that the extraordinary

18  circumstances were the cause of his untimeliness . . . and that the extraordinary circumstances

19  made it impossible to file a petition on time.").  He has not done so.

20         The fact that California law provides for a flexible statute of limitations with

21  respect to seeking state habeas relief did not prevent petitioner from filing a timely federal habeas

22  petition, nor did it stand in his way of doing so.  Rather, petitioner chose a course of inaction for

23  over two years after his judgment of conviction was affirmed on appeal.  Doing nothing in hope

24  that a state habeas petition filed years later will be deemed timely by a state court in the exercise

25  of its discretion, is not the exercise of due diligence.  Pace, 544 U.S. at 418-19.  See also

26  Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1013 (9th Cir. 2009) ("Waldron-Ramsey's

17

strategy to wait 340 days to file, in the hopes that any ambiguities [in the law] would ultimately be resolved in his favor, is the kind of 'oversight, miscalculation or negligence' for which equitable tolling is not appropriate."); Ferguson, 321 F.3d at 823 (It is unreasonable for a federal habeas petitioner to rely on a state statute of limitations rather than the AEDPA's statute of limitations.")

Put another way, the flexibility provided by California law with respect to the time for seeking state habeas relief might have prevented petitioner from realizing that his delay would later work to his detriment, but it does not explain his delay in seeking state habeas relief in the first place. There is no evidence in the record that petitioner was misled or tricked, or that anything (or anyone) actually "stood in his way," Pace, 544 U.S. at 418, or otherwise prevented him from asserting his claims to relief.[11] To the contrary, if he had wanted to, petitioner could have sought state habeas relief immediately after his judgment of conviction became final. Nor is there any evidence before this court that petitioner made a tactical decision to delay filing a state or federal habeas petition in reliance on California law. Rather, it appears that petitioner simply hoped that the state courts would find his habeas petition timely if he eventually decided to file one.

"The purpose of requiring habeas petitioners to demonstrate diligence in order to be entitled to . . . equitable tolling is to ensure that the extraordinary circumstances faced by petitioners . . . – and not their lack of diligence – were the cause of the tardiness of their federal habeas petitions." Roy, 465 F.3d at 973. See also Spitsyn, 345 F.3d at 802 ("'[I]f the person

---

[11] See Merritt v. Blaine, 326 F.3d 157, 169-70 (3d Cir. 2003) (petitioner in non-capital case not entitled to equitable tolling of the AEDPA statute of limitations based on extraordinary circumstances even though "the operation of the [Pennsylvania Post-Conviction Relief Act] statute of limitations was uncertain" when he filed a second state habeas petition which was later deemed to be untimely and therefore not properly filed); Baker v. Horn 383 F. Supp.2d 720, 748 (E.D. Pa. 2005) ("Baker too cannot claim that the uncertainty of Pennsylvania law amounted to an extraordinary circumstance preventing him from bringing his claims."); Thorpe v. Wilson, Civil Action No. 06-712, 2007 WL 128885, at *4 (E.D. Pa. Jan. 12, 2007) ("Further, lack of clarity in Pennsylvania law, i.e., uncertainty in whether it was appropriate for petitioner to file a second PCRA petition, is not a ground for equitable tolling in a non-capital case.")

1   seeking equitable tolling has not exercised reasonable diligence in attempting to file, after the

2   extraordinary circumstances began, the link of causation between the extraordinary

3   circumstances and the failure to file is broken.' [citation omitted]").  Because the "extraordinary

4   circumstance" that petitioner claims here (the uncertainty caused by the flexibility of California

5   law) was in existence at all relevant times, petitioner should have been diligently pursuing his

6   claims for post-conviction relief in state court soon after his judgment of conviction became

7   final.  His failure to do so broke the "link of causation between the extraordinary circumstances"

8   and petitioner's failure to file.  Spitsyn, 345 F.3d at 802.  Cf. Doe, 661 F.3d at 1015 (petitioner

9   entitled to equitable tolling "for his diligence" in filing his petition within ten days of the return

10  of his files once his attorney's deceit became known); Roy, 465 F.3d at 970 (petitioners exercised

11  diligence where they alleged specific efforts pursued in order to file habeas petitions and filed

12  their claims within a reasonable period of time after the extraordinary circumstances were

13  removed).  In short, here, petitioner has not shown either due diligence on his part or that

14  extraordinary circumstances prevented him from filing (or made it impossible for him to file) his

15  federal habeas petition on time.

16          Petitioner is correct that in the Harris decision the Ninth Circuit granted equitable

17  tolling to the petitioner who had relied on the later-rejected holding in Dictado v. Ducharme, 244

18  F.3d 724, 727-28 (9th Cir. 2001) while undertaking a good faith and diligent effort to exhaust his

19  federal claims in state court, only to discover years later at the end of that process that his state

20  post-conviction petition was deemed not properly filed under Pace and therefore did not operate

21  to toll the AEDPA statute of limitations.[12]  Harris, 515 F.3d at 1054.  However, the holding in

22  Harris does not aid petitioner in this case for several reasons.  First, the Ninth Circuit found that

23

---

24          [12]  In Dictado, the Ninth Circuit had held that an untimely filed state habeas petition was
    nonetheless a "properly filed" petition for purposes of § 2254(d) and therefore tolled the AEDPA
25  statute of limitations while such a petition was pending in state court.  Dictado, 244 F.3d at 727-
    28.  In Pace, the United States Supreme Court overruled Dictado and held that untimely state
26  post-conviction petitions are not "properly filed" for purposes of the AEDPA and cannot serve to
    toll the statute of limitations for the filing of a federal habeas petition.  Pace, 544 U.S. at 417.

the petitioner in Harris was diligent in pursuing his state habeas claims, with any eye to filing a

timely federal petition. 515 F.3d at 1053.[13]  In contrast, here, petitioner filed his first state habeas

petition nearly three years after his conviction became final and appeared disinterested in

pursuing any habeas claims apparently until he learned of the AEDPA.  Moreover, in Harris,

equitable tolling was warranted because the petitioner had acted in good-faith reliance on then-

existing Ninth Circuit precedent in making a tactical decision to delay filing his federal habeas

corpus petition while diligently pursuing habeas relief in state court.  Id. at 1055.  Here, petitioner

cannot be said to have affirmatively relied on any provision of law or legal holding to guide a

diligent pursuit of exhaustion.  See Lakey, 633 F.3d at 787 (""Lakey does not set forth any facts

suggesting similar reliance on our prior precedent.")  Rather, petitioner waited without apparent

plan or justification to take any action until two years and three months had passed.[14]  Finally, the

petitioner's failure to file a timely federal petition in Harris was "not the result of oversight,

miscalculation or negligence on his part, all of which would preclude the application of equitable

tolling."  Id. at 1055, 1057 ("Harris relied on controlling circuit precedent, rather than an

---

[13]  The petitioner in Harris argued that he was entitled to equitable tolling because he relied on then-controlling Ninth Circuit precedent in waiting to file his federal habeas application.  In Townsend v. Knowles, 562 F.3d 1200, 1206 (9th Cir. 2009), abrogated on other grounds in Walker v. Martin, ___ U.S. ___, 131 S. Ct. 1120 (2011), the Ninth Circuit followed the reasoning of the decision in Harris and found equitable tolling of the AEDPA statute of limitations to be appropriate where the petitioner had "diligently pursued his rights in his postconviction habeas petition in the state courts and ensured that he had enough time remaining to file a federal habeas petition under the then-existing Dictado rule."

[14]  Under California law, a prisoner must seek habeas relief without "substantial delay," as "measured from the time the petitioner or counsel knew, or reasonably should have known, of the information offered in support of the claim and the legal basis for the claim."  In re Robbins, 18 Cal.4th 770, 780, 787 (1998); In re Gallego, 18 Cal. 4th 825, 833 (1998).  The court notes that in assessing whether statutory tolling of the AEDPA statute of limitations is available, delays of much shorter periods of time than are at issue here between the denial of relief by one California court and the filing of a state habeas petition in the next higher California court have been found by the Ninth Circuit to be "unreasonable."  See Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011) (81 and 91 days of unexplained delay between habeas filings found to be unreasonable); Banjo v. Ayers, 614 F.3d 964, 970 (9th Cir. 2010) (146-day unexplained delay between habeas filings found to be unreasonable); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (petitioner not entitled to statutory tolling during unexplained delays of 115 and 101 days between state court petitions).

1  ambiguity in the law").  As discussed above, petitioner's failure to file a timely federal petition

2  was due largely to his inaction for the more than two years prior to the enactment of the AEDPA,

3  rather than on his reliance on any statutory provision or legal holding to help him determine how

4  much time he had left in which to seek habeas relief.

5         The court therefore is compelled to conclude that petitioner is not entitled to

6  equitable tolling of the AEDPA statute of limitations because he did not exercise diligence, as

7  that term has subsequently come to be defined, in pursuing his claims for federal habeas relief.[15]

8  As the Supreme Court stated in Pace, "[h]ad petitioner advanced his claims within a reasonable

9  time of their availability, he would not now be facing any time problem."  544 U.S. at 419.  See

10 also Waldron-Ramsey, 556 F.3d at 1013 ("Because we hold that Waldron-Ramsey was not

11 diligent in the filing of his federal habeas petition, we need not decide whether confusion about

12 AEDPA law or confusion about what action the state court has taken can ever be the type of

13 extraordinary circumstance that may warrant equitable tolling.").  Because petitioner has failed to

14 demonstrate that he was diligent in pursuing his claims for habeas relief, he has not met his

15 burden of demonstrating that he is entitled to equitable tolling of the statute of limitations

16 contained in 28 U.S.C. 2244(d).

17                                CONCLUSION

18         Accordingly, IT IS HEREBY RECOMMENDED that:

19         1.  Respondents' August 6, 1999 amended motion to dismiss (Doc. No. 32) be

20 granted;

21         2.  Petitioner's October 4, 1999 motion for equitable tolling (Doc. No. 38) be

22 denied; and

23         3.  This action be dismissed.

24 ────────────

25    [15]  It is fair to say that the interpretation of what constitutes "diligence" for purposes of
assessing whether equitable tolling of the AEDPA statute of limitations is appropriate in a
26 particular case has evolved significantly in the decade since the issuance of the undersigned's
March 30, 2000 findings and recommendations in this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: January 26, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
rich2318.eqtoll

22